# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| MARK GRIFFIN, | : | Case No. 1:22-cv-103 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Chelsey M. Vascura |
| vs. | : | |
| | : | |
| CHARLES BRADLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 5) AS MODIFIED

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Chelsey M. Vascura.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on May 16, 2022, submitted a Report and Recommendation ("the Report").  (Doc. 5).  Plaintiff filed timely objections on May 23, 2022.  (Doc. 6).  Also before the Court is Plaintiff's Motion for Summary Judgment.  (Doc. 3).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all "portions of the [R]eport or specified proposed findings or recommendations to which objection is made."  A district court does not need to independently review any of the magistrate's conclusions that are not objected to.  *See Thomas v. Arn*, 474 U.S. 140, 149

(1985). The Court concludes that Plaintiff's objection is well-taken and therefore adopts the Magistrate Judge's recommendation as modified in this Order.

Plaintiff, an inmate at Toledo Correctional Institution ("TCI"), sought to bring this action *in forma pauperis* against the Regional Director of the Ohio Department of Rehabilitation and Corrections and TCI's warden.  (Doc. 1).  Plaintiff failed, however, to disclose that three of his prior actions were dismissed because they were frivolous or failed to state a claim upon which relief could be granted and instead affirmatively indicated that he had no such dismissals.  *Id.* at 7.  Plaintiff was therefore barred from filing *in forma pauperis* and failed to allege any statutory exception. *Id*. at 20-33.

Accordingly, on February 28, 2022, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's application to proceed *in forma pauperis* be denied, and that Plaintiff be required to pay the full $402 filing fee.  (Doc. 2).  The Magistrate Judge further recommended that Plaintiff be ordered to file a notice identifying his previously-dismissed cases in all pending cases in which he had been granted leave to proceed *in forma pauperis*, that Plaintiff be advised that the Court would dismiss with prejudice any future actions he files without identifying his previously-dismissed cases, and that the Court certify that any appeal of an Order adopting the Magistrate Judge's February 28, 2022 recommendations would not be in good faith. *Id.* Plaintiff did not object to the February 28, 2022 Report and Recommendation, and the Court adopted it by Order dated April 5, 2022.  (Doc 4).  The Order explicitly warned Plaintiff that his failure to pay the full $402 filing fee within 30 days, or by May 5, 2022, would result in dismissal of this action.  *Id.* at 4.

2

Plaintiff did not, however, pay the filing fee by May 5, 2022. Consequently, on May 16, 2022, the Magistrate Judge issued a second Report and Recommendation recommending that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. 4).

On May 23, 2022, Plaintiff filed Objections to the Report. (Doc 6). Plaintiff stated that he "move[d] to have the action totally and fairly (dismissed without prejudice) . . . " *Id.* at 65. Thus, Plaintiff appears to assert that this action should be dismissed without prejudice because, due to his indigent status, he was unable to pay the $402 fee within 30 days, and that he did not have an opportunity to request an extension of time to make that payment because "[t]he Court, failed to inform the plaintiff, the plaintiff waited for the Report and Recommendation, otherwise [he] would have addressed and responded to the Court." *Id.* at 64–65. Plaintiff additionally objects that he should have been held to a less rigorous standard given his pro se status. *Id.* at 65.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir. 1999).

3

In this case, however, the Court finds that dismissal without prejudice is appropriate. Although Plaintiff does not represent that he failed to receive this Court's April 5, 2022 Order warning him that his case would be dismissed if he failed to pay the filing fee, he nevertheless asserts that he did not receive at least one of the Reports and Recommendations that were issued by the Magistrate Judge.  (Doc. 6 at 64).  Due to this alleged lack of notice, dismissal without prejudice is preferable. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate).

Alternatively, to the extent Plaintiff's Objections constitute an attempt to voluntarily dismiss his Complaint, that request is GRANTED.  Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may voluntarily dismiss an action without order of court by filing a notice of dismissal before service by the adverse party of an answer or motion for summary judgment.  Such are the circumstances here—defendants have not filed anything.  The Court also notes that allowing Plaintiff to voluntarily dismiss at this stage does not run afoul of the PLRA's screening provision.  Permitting a plaintiff to voluntarily dismiss a frivolous case after it has been screened under § 1915 would frustrate the PLRA's goal of deterring frivolous litigation. But Plaintiff's case has not yet been screened.

Although this action is dismissed without prejudice, Plaintiff is reminded that he has been ordered to file a notice in all pending federal cases in which he has been granted leave to proceed *in forma pauperis* that identifies his previously dismissed cases, and that

4

the Court will dismiss with prejudice any future action in which he seeks leave to proceed *in forma pauperis* without identifying his previously dismissed cases.  (Doc. 4).

Accordingly, for all the reasons stated above, the May 16, 2022, Report and Recommendation is ADOPTED as modified, and this action is DISMISSED without prejudice.  Plaintiff is ORDERED to identify this case as a related case in any re-filed action.  Plaintiff's Motion for Summary Judgment (Doc. 3) is DENIED as MOOT.

**IT IS SO ORDERED.**

Date:   6/28/2022                         ___s/Timothy S. Black_____
                                                        Timothy S. Black
                                                        United States District Judge